# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND WAYNE FOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 08-CV-284-GKF-FHM |
| | ) |
| JIM KEITH, Warden; | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, with exhibits (Dkt. # 1). Respondents filed a response (Dkt. # 6) to the petition, and provided copies of state court records (Dkt. ## 6, 7, 8) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition should be denied.

## *BACKGROUND*

On December 5, 2005, in Tulsa County District Court Case No. CF-2004-3918, Petitioner entered guilty pleas to Trafficking in Illegal Drugs, after former conviction of a felony (Count 1), Failure to Obtain Tax Stamp (Count 2), and Unlawful Possession of Paraphernalia (Count 3). In Case No. CF-2004-4507 he entered guilty pleas to Trafficking in Illegal Drugs, after former conviction of a felony (Count 1), Unlawful Possession of Paraphernalia (Count 2), and Failure to Signal (Count 3). The trial judge found him guilty of all counts and sentenced him as follows: in Case No. CF-2004-3918 a $25,000 fine, suspended, and life imprisonment on Count 1, a $500 fine and five (5) years imprisonment on Count 2, and a $250 fine and one year confinement on Count

3; in Case No. CF-2004-4507, a $25,000 fine, suspended, and life imprisonment on Count 1, a $250 fine and one year confinement on Count 2, and a $30 fine on Count 3. All of Petitioner's sentences were to be served concurrently. Petitioner was represented by attorney Aaron Goodman at the plea hearing.

On December 9, 2005, Petitioner filed a timely *pro se* application to withdraw his guilty pleas. Aaron Goodman was allowed to withdraw as counsel, and attorney Steve Vincent was appointed to represent Petitioner. See docket entries dated December 13, 2005, in both Case No. CF-2004-3918 and Case No. CF-2004-4507, at www.oscn.net. At a January 10, 2006, hearing, Petitioner waived his right to have the application heard within thirty (30) days. See Dkt. # 8-6, Hr'g Trans. 1/10/2006. He filed an amended application to withdraw pleas on February 1, 2006. Dkt. # 6, Ex. 7 at 19-22. On February 1, 2006, a hearing was held on Petitioner's motion to withdraw pleas See Dkt. # 8-8, Hr'g Trans. 2/1/2006. The district court denied the motion. Id. at 57.

Represented by attorney Andreas Pitsiri, Petitioner filed a petition for writ of certiorari at the Oklahoma Court of Criminal Appeals (OCCA) in Case No. C-2006-272 and No. C-2006-273. See Dkt. # 6, Ex. 1. He raised one proposition of error, alleging that the trial court abused its discretion by overruling Petitioner's motions to withdraw his pleas of guilty "because Petitioner did not knowingly and voluntarily enter his pleas in either district court case and because Petitioner's pleas were entered as the result of coercion." Id. The OCCA consolidated the cases, and denied the writ in an unpublished summary opinion, filed September 28, 2006, in Case No. C-2006-272. Id., Ex. 3.

Next, Petitioner filed a *pro se* application for post-conviction relief, raising three propositions of error, as follows:

1. I was denied my Sixth Amendment guarantee of effective representation of appellate counsel for failure to raise meritorious issues on appeal.

2

2. I was denied my Sixth, Eighth, and Fourteenth Amendment rights of a full and fair trial being conducted in concert with due process and equal application of existing federal law.

3. The trial court abused its discretion in its denial of motion to suppress evidence discovered during the search of automobile as fruits of a poisoned tree.

See Dkt. # 6, Ex. 3. By order filed December 19, 2007, the district court denied Petitioner's application for post-conviction relief. Id., Ex. 4. Petitioner appealed the denial in OCCA Case No. PC-2008-52. See Dkt. # 1 at 87-98. On April 10, 2008, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 6, Ex. 5.

Petitioner filed the instant habeas corpus petition on May 14, 2008, identifying the following three grounds of error:

Proposition One: The guilty plea is not constitutional as it does not represent a voluntary and intelligent choice among the alternative courses of action available to me at trial.

Proposition Two: Oklahoma violated the Sixth and Fourteenth Amendments in constructively denying trial counsel - denying right to trial wherein my defenses could be put before jury - and denying effective assistance of counsel at withdrawal of plea hearing.

Proposition Three: Oklahoma denied me my Sixth and Fourteenth Amendment protection of effective representation of appellate counsel.

(Dkt. # 1). In response, Respondents assert that Petitioner's claims are procedurally barred or do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 6. Petitioner filed a reply (Dkt. # 13).

*ANALYSIS*

A. **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Except as specifically referenced below in the ineffective assistance of counsel discussion, Petitioner fairly

3

presented the substance of his claims to the OCCA on certiorari or post-conviction appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to those claims. In addition, in light of the procedural posture of this case, any unexhausted claim would be subject to a procedural bar if Petitioner were required to return to state court. Therefore, consideration of the claims raised in this case is not precluded by the exhaustion requirement.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a state court has adjudicated a claim on the merits, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the state district court and the OCCA adjudicated some of Petitioner's claims of ineffective assistance of counsel in post-conviction proceedings. Therefore, those claims shall be reviewed pursuant to § 2254(d). In addition, the Court will apply § 2254(d) to Petitioner's claim concerning his allegedly involuntary guilty pleas, as adjudicated by the OCCA.

**1. Voluntariness of guilty pleas**

As his first proposition of error, Petitioner complains that he should have been allowed to withdraw his guilty pleas because they were "unknowing and involuntary." He alleges that the trial court's denial of his motion to withdraw pleas was an abuse of discretion. He argues that his attorney coerced him into entering the pleas because the attorney advised Petitioner that he was not prepared to proceed to trial. Petitioner believes he had two defenses to the charges - that the evidence seized in each case was gained through an unlawful search, and that the product seized was an "imitation substance" rather than methamphetamine. Dkt. # 1 at 5. The OCCA denied this claim in its summary opinion denying a writ of certiorari, stating as follows:

> The record demonstrates Petitioner's plea was voluntary and in substantial compliance with *King v. State*, 1976 OK CR 103 ¶11, 553 P.2d 529, 534.[1] The District Court properly weighed the credibility of testimony offered in support of the motion to withdraw and concluded that no sufficient reason existed to permit withdrawal of the plea. We find no abuse of the District Court's discretion.

See Dkt. # 6, Ex. 2 at 2.

In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court held that a guilty plea must be entered into "knowingly and voluntarily." A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir. 1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473

---

[1]In King v. State, 553 P.2d 529, 534 (Okla. Crim. App. 1976), the OCCA emphasized the mandates articulated in Boykin v. Alabama, 395 U.S. 238, 242 (1969), and provided a detailed procedure for trial courts to follow before accepting a defendant's plea of guilty.

F.2d 913 (10th Cir. 1973). Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." United States v. Maranzino, 860 F.2d 981, 985 (10th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir. 1995).

In this case, the Court finds that Petitioner's allegations in proposition one are belied by the record. Respondents provided copies of the "Findings of Fact - Acceptance of Plea" filed in the district court in both of Petitioner's cases. See Dkt. # 6, Ex. 7 at 1-7, 12-18. On the first page of each form, Petitioner affirmed that he could read and understand the form. Id. at ¶ 8. He identified Aaron Goodman as his lawyer. Id. at ¶ 15. Petitioner also affirmed that he understood the nature and consequences of the proceeding, had talked over the charges with his lawyer, had advised his lawyer regarding any available defenses, and had his lawyer's advice. Id. at ¶¶ 8 and 16. Further, he answered "Yes" to the question, "Do you believe your lawyer has effectively assisted you in this case and are you satisfied with his/her advice?" Id. at ¶ 17. He indicated that he did not have any additional statements to the court. Id. at ¶ 28. Petitioner swore under oath that he had read, understood and completed the form, that his answers were true and correct, and that he understood he could be prosecuted for perjury if he had made false statements to the court. Id. at 3, 14.

In addition to the forms, Petitioner testified at his change of plea hearing on December 5, 2005, that the statements on his plea forms were true and correct. See Dkt. # 8-5, Plea Hr'g Trans. dated Dec. 5, 2005, at 4. The trial court conducted a thorough inquiry of Petitioner concerning his desire to plead guilty pursuant to plea agreements in both cases, and whether the terms of the plea agreements had been thoroughly explained and were understood by Petitioner. Id. The trial judge

6

also specifically enumerated trial rights that Petitioner was waiving by pleading guilty. Id. at 5-6. The court concluded that Petitioner was competent, understood the nature, purpose and consequence of the proceeding, and that his pleas of guilty were knowingly and voluntarily entered. Id. at 13. The record demonstrates an "affirmative showing" that Petitioner's guilty pleas were knowing and voluntary, as required by Boykin.

The Court notes that in reply to Respondent's response, Petitioner states there "is no way" he would have pled guilty had he been made aware the plea foreclosed review and waived his defenses. See Dkt. # 13 at 3. The transcript of the plea hearing and copies of the "Findings of Fact-Acceptance of Plea" signed by Petitioner refute this claim. He was clearly advised that he was waiving his rights to have the state prove its case. He stated he had discussed possible defenses with counsel and decided to accept the terms of the plea agreement. He was also aware that he faced the possibility of a mandatory sentence of life without parole in each case because he had two prior felony drug convictions. See Dkt. # 6, Ex. 7 at ¶ 11. By pleading guilty, Petitioner reserved the possibility that he could be paroled. Nothing in the record, or provided by Petitioner, indicates that the attorney "gave up" on the unlawful search and seizure argument or would not have raised it again had Petitioner gone to trial. Attorney Goodman made a concerted effort to raise and argue Petitioner's Fourth Amendment claims. See Dkt. # 8-1, Prelim. Hr'g Trans., CF-2004-4507, dated Nov. 19, 2004; Dkt. # 8-3, Mot. Hr'g Trans., dated April 26, 2005. Further, the attorney did not waive Petitioner's defense concerning the nature of the substance seized. Rather, Petitioner waived this defense himself when he pled guilty to the charges in both cases and specifically advised the trial judge that he "had possession of more than 20 grams of a substance containing methamphetamine" in Case No. CF-04-3918 and "had more than 20 grams of a substance containing

7

methamphetamine" in Case No. CF-04-4507. See Dkt. # 8-5, Plea Hr'g Trans., dated Dec. 5, 2005, at 11.

In determining that the trial judge did not abuse his discretion in denying Petitioner's motion to withdraw his plea, the OCCA applied the correct legal standard in analyzing Petitioner's plea. Moreover, the OCCA's factual conclusions are supported by the record. The Court finds that Petitioner has not presented clear and convincing evidence to rebut the presumption of correctness afforded the trial court and the OCCA's factual determinations. 28 U.S.C. § 2254(e)(1). Nor has Petitioner demonstrated that the OCCA's decision was an unreasonable application of Supreme Court law. 28 U.S.C. § 2254(d). For those reasons, habeas corpus relief is denied on proposition one.

**2. Ineffective assistance of counsel**

As part of his second proposition of error,[2] Petitioner claims that he was denied constitutionally effective representation at the hearing on his motion to withdraw pleas because attorney Goodman would not file the motion and his newly appointed counsel, Steve Vincent, failed to raise the Fourth Amendment and "imitation substance" issues that Petitioner wanted him to raise. In his application for post-conviction relief, Petitioner complained that attorney Goodman abandoned him after the plea hearing, but he did not argue that attorney Vincent also provided

---

[2] In proposition two, Petitioner also alleges that his trial attorney, Aaron Goodman, provided ineffective assistance of counsel because: (1) he "gave up" Petitioner's claim that evidence in both cases was unlawfully seized after the trial judge overruled his motion to suppress; (2) he waived Petitioner's defense that the substance seized was not listed under the controlled dangerous substance act, which would have made his crimes punishable only up to one year; (3) he was not prepared or ready to proceed to trial, and through coercion "frightened" Petitioner into entering a guilty plea; and (4) he erroneously told Petitioner that he would be sentenced to life without parole if he failed to accept the plea offer. Those claims are procedurally barred as discussed in Part C herein.

ineffective assistance. On post-conviction appeal, the OCCA adjudicated Petitioner's claim that he was deprived of counsel in filing his motion to withdraw guilty pleas, finding as follows:

> In its final order, the District Court found that it had permitted the Public Defender to withdraw from Petitioner's case and that it had appointed independent counsel to represent Petitioner on the motion to withdraw guilty pleas. Newly appointed counsel was thereupon made available to Petitioner from the time of that appointment until the hearing on the motion to withdraw pleas--a hearing that occurred approximately a month-and-a-half after the attorney's appointment. Consequently, any alleged lack of counsel at the time Petitioner prepared and filed his motion to withdraw guilty pleas was cured by the District Court having promptly provided him independent counsel. Moreover, Petitioner's post-conviction application did not claim that counsel representing him during the plea withdrawal proceedings somehow provided him with ineffective assistance.

See Dkt. # 6, Ex. 5 at 3-4 (footnotes and citation to record omitted).

Under AEDPA, Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel unless he establishes that the OCCA's adjudication was an unreasonable application of Supreme Court precedent. In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court set out the applicable standard for reviewing ineffective assistance of counsel claims in the context of guilty pleas. In accord with Strickland v. Washington, 466 U.S. 668, 687 (1984), a defendant challenging the effective assistance of counsel during the guilty plea process must show that counsel's performance was deficient and that such deficient performance prejudiced him. Lockhart. 474 U.S. at 57-58. As the Court explained in Lockhart,

> [I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59. However, "a petitioner's 'mere allegation' that he would have insisted on proceeding to trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993)). Rather, the Court "look[s] to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." Id.

Petitioner has not demonstrated that attorney Goodman's representation fell below the standards of a reasonable attorney as required by Strickland. Petitioner has failed to demonstrate that he was prejudiced because attorney Goodman did not file an application to withdraw plea. Petitioner filed a timely *pro se* application and the trial court immediately appointed substitute counsel, Steve Vincent. The OCCA's adjudication of this claim was not contrary to, or an unreasonable application of Strickland. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 3. Ineffective assistance of appellate counsel

As part of his third proposition of error, Petitioner contends that attorney Pitisiri failed to raise a claim relating to his alleged Fourth Amendment violations. Petitioner raised this claim in his post-conviction appeal. The OCCA rejected the claim, finding as follows:

> A certiorari appeal is limited by the requirement that "[n]o matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea." Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008); *see also Walker v. State*, 1998 OK CR 14, ¶ 3, 953 P.2d 354, 355 (applying Rule 4.2(B) by holding, "we do not reach the merits of the first proposition, for Walker waived the issue by failing to raise it in his motion to withdraw guilty plea."). In Petitioner's matter, he has not shown that his motion to withdraw his guilty pleas encompassed those issues he complains were omitted by his appellate counsel. He therefore cannot show error in the District Court concluding that Petitioner's appellate counsel effectively raised the limited issues preserved for appeal.

See Dkt. # 6, Ex. 5 at 3.

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's decision to deny relief was an unreasonable application of Strickland. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

In light of the procedural posture of the case, Petitioner cannot show that his appellate counsel provided ineffective assistance in failing to raise Petitioner's Fourth Amendment claims on certiorari appeal. As determined by the OCCA, Petitioner's motion to withdraw his guilty pleas did not encompass the Fourth Amendment issues he now claims were omitted from his certiorari appeal.

As a result, appellate counsel did not perform deficiently in failing to raise the Fourth Amendment claims because the OCCA would not have considered them. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of Strickland. Therefore, he is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d).

**C.    Procedural bar**

In his second proposition of error, Petitioner alleges that his trial attorney, Aaron Goodman, provided ineffective assistance of counsel because: (1) he "gave up" Petitioner's claim that evidence in both cases was unlawfully seized after the trial judge overruled his motion to suppress; (2) he waived Petitioner's defense that the substance seized was not listed under the controlled dangerous substance act, which would have made his crimes punishable only up to one year; (3) he was not prepared or ready to proceed to trial, and through coercion "frightened" Petitioner into entering a guilty plea; and (4) he erroneously told Petitioner that he would be sentenced to life without parole if he failed to accept the plea offer. These claims were raised on post-conviction appeal, but were not adjudicated on the merits by the OCCA.

In his second and third propositions of error, Petitioner raises claims of ineffective assistance of counsel concerning attorneys Vincent and Pitsiri that were not raised before the state courts. He alleges that Vincent did not raise claims of ineffective assistance of trial counsel for "coercing" Petitioner's guilty pleas, for "abandoning" the alleged Fourth Amendment violations, and for failing to test the evidence which Petitioner describes as an "imitation substance" rather than methamphetamine. He complains that attorney Pitsiri did not raise the issue regarding the testing of the seized substance. Petitioner also argues that attorney Pitsiri failed to submit an effective

12

appellate brief, failed to communicate with Petitioner, and failed to advance "dead-bang winners" as requested by Petitioner. Petitioner did not raise these claims on either *certiorari* or post-conviction appeal.

The Court finds that these claims of ineffective assistance of counsel are procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). In addition, an "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007). When an ineffective assistance of counsel claim is not raised either on direct appeal or in a state post-conviction action, it is procedurally defaulted in federal court. See Coleman, 501 U.S. at 735 n.1.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the

13

discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner asserts that ineffective assistance of appellate counsel serves as "cause" sufficient to excuse his procedural default. See Murray, 477 U.S. at 488-89. In this case, as discussed above, Petitioner did raise some claims of ineffective assistance of appellate counsel on post-conviction appeal. The Court has determined above that appellate counsel Pitsiri did not provide ineffective assistance for failing to raise waived issues on appeal. Petitioner did not raise the other omitted issues as a separate claim of ineffective assistance of appellate counsel before the state court. See Murray, 477 U.S. at 488-89 (requiring that an ineffective assistance claim must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") As a result, Petitioner's defaulted ineffective assistance of appellate counsel claims cannot serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred

14

claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted because he contends the substance identified by the state as methamphetamine was actually an "imitation substance" which meant he could only have been sentenced to one year in jail. However, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 510 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

**D.     Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner

15

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate Judgment shall be entered in this case. A certificate of appealability is **denied**.

DATED THIS 13th day of February, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma